UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA L. WHITAKER

    Plaintiff,

V.                                                             CIVIL ACTION NO.

PATTERSON AND REESE
.
    Defendant.                                             MAY 22, 2009

## **COMPLAINT**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Donna L Whitaker , as an individual consumer, against Patter and Reese, hereinafter ("P&R") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Donna L. Whitaker is a natural person residing in town of Laurel, Anna Arundel County and the State of Maryland.

5. Defendant, P&R, is a foreign business engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 10621 Jones Street, Unit 201-A, Fairfax, Virginia 22030.

6. On information and belief, the principal purpose of Defendant's business in this State is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

### IV. FACTUAL ALLEGATIONS

9. At all times relevant hereto; the Defendant was attempting to collect an alleged debts from the Plaintiff (hereinafter "debt") (Debt no. 1 and Debt no. 2).

10. The alleged debts were incurred by the Plaintiff for personal, family, or household purposed and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. On or about February 2, 2009 P&R contacted Plaintiff concerning Debt No. 1 known as Account No. 43000811056002. The alleged sum of the debt was $4,951.90

12. The collection letter on this account 430008811056002 stated "Unless your default is corrected immediately, NAVY FEDERAL CREDIT UNION will assign the case to an attorney in your area for immediate legal proceeding. You are hereby advised that it the account is not current within TEN (10) days from the date of this letter, the case will be referred to any attorney in your area; the entire balance will be accelerated and become due and payable an attorney's fees, costs, and other expensed of collection will be added to your balance." That statement was false, deceptive and misleading.

13. On the reverse side of this collection letter was written " NOTICE (15 U.S.C.A. Sections 1692, et seq.) *If this is an initial communication, you are hereby notified that unless the consumer, within thirty (30) days after receipt of this notice, disputed the validity of the debt, or any portion thereof, the debt will be assumed to be correct by this debt collector."

14. ¶ 12 notice states that the Plaintiff must be brought current within ten (10) days overshadowed ¶ 13 statement that the consumer has thirty (30) days to dispute the validity of the debt in violation of 1692g.

15. On or about March 5, 2009 P&R contacted Plaintiff concerning Debt No. 1 known as Account No. 43000811056001. The alleged sum of the debt was $29,986.28

16. The information that Plaintiff received on this notice was identical to the notice she received in ¶ 12 through ¶14, above, except as to the sum of the alleged debt.

17. During the past several months, Defendant has sent or caused to be sent out hundreds of letters to various consumers under the letterhead of "Patterson and Rees Attorneys at Law".

18. By information and belief, Defendant uses a mechanized, computer-driven process to send collection letters such as the Collection Communication, and most variable information, such as the name of the creditor, the alleged amount due, and the name of the consumer, is inserted into pre-defined "fields" by a word processor or other computer-driven document assembly software.

19. Plaintiff is informed and believes, and on that basis alleges, that the information being inserted in these fields are sent to consumer *en masse* as electronically-stored information via modem or other computer-readable format.

20. Communications to consumer from Defendant, including the Collection Communication, are created directly from the electronically-stored information.

22. By information and belief, no attorney at P&R meaningfully reviews the account balance to determine how the balance is calculated or if the balance is correct.

23. By information and belief, no attorney at P&R has actual knowledge of whether the account balances being sought are correct.

24. By information and belief, before seeking to collect an alleged debt under the auspices of a law firm, no attorney at P&R actually reviews the statement of the consumer's account in a manner or a form which allows the attorney to make certain legal judgments, which in the exercise of ordinary due diligence, an attorney would make

in attempting to collect a debt associated with a consumer debt such as: (1) the date the consumer's account was opened (i.e., to determine whether the debt obligation was subject to legal or equitable defenses including applicable statute of limitations); (2) the residence of the debtor (i.e., to determine where the litigation can be prosecuted and what state law governs the account); (3) the date of each charge that applied to the consumer's account; (4) the amount and date of each payment applied to the consumer's account; and (5) the method, rate, and means of computing interest on the consumer's account.

25. By information and belief, at the time the Collection Communication was sent or caused to be sent to Plaintiff, P&R did not know the amount of the total balance sought in the Collection Communication.

26. By information and belief, at the time the Collection Communication was sent or caused to be sent to Plaintiff, P&R did not know whether the total balance sought in the Collection Communication was accurate.

27. No attorney at P&R reviews collection files or makes determinations about the legal validity of a debt before collection communications are sent or other interaction with consumers are initiated.

28. As a result of the acts alleged above, Plaintiff has been damaged.

## V.  CLAIM FOR RELIEF

29. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

30. In the collection efforts, P&R violated the FDCPA, inter alia, § 1692g.

Debt collection letter may not overshadow or contradict that information with over messages went with its validation notice or within the validation period.

31. As a result of the foregoing violations of the FDCPA, P&R is liable to the plaintiff Donna L. Whitaker for declaratory judgment that P&R's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant P&R for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA on Debt no. 1 and Debt no. 2;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k, on Debt no. 1 and 2.

D.  Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E.  For such other and further relief as the Court may deem just and proper.

                THE PLAINTIFF

                BY/S/Bernard T. Kennedy
                Bernard T. Kennedy
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037-0657
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com